IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:02-CR-60-2H
No. 4:07-CV-196-H

RICARDO DINNALL,

    Petitioner,

v.

UNITED STATES OF AMERICA

    Respondent.

ORDER

This matter is before the court on petitioner's motion to vacate filed pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court denies petitioner's claims.

### BACKGROUND

Petitioner was tried by a jury and convicted of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846 and conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). On February 2, 2004, petitioner was sentenced to life imprisonment. On appeal, the Fourth Circuit affirmed petitioner's convictions but vacated his sentence and remanded the case for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). United States v. Dinnall, No. 04-4122 (4th Cir. Apr. 15, 2005). On July 5, 2005, petitioner was resentenced to life imprisonment, which sentence was

affirmed on appeal. United States v. Dinnall, No. 05-4769 (4th Cir. June 21, 2006). On December 4, 2006, the United States Supreme Court denied certiorari.

Petitioner filed his original motion to vacate on December 3, 2007. On January 2, 2008, petitioner was advised that his motion did not comply with this court's local rules, and petitioner was granted additional time to complete and return the applicable form. Petitioner did so, refiling his motion on January 15, 2008.[1] Petitioner subsequently filed a motion to supplement, requesting permission to add three additional claims based on Crawford v. Washington, 541 U.S. 36 (2004). On April 3, 2008, an order was entered dismissing petitioner's motion to vacate as untimely and denying petitioner's motion to supplement [DE #461].

Petitioner has moved the court for reconsideration of its April 3, 2008, order. Upon further review, the court has determined that petitioner's § 2255 motion was timely filed. The court, therefore, grants petitioner's motion to reconsider the dismissal of petitioner's motion as untimely [DE #464 & 578]. The court further grants petitioner's motion to supplement his § 2255 motion [DE #456]. However, a review of petitioner's § 2255 motion, the supporting documentation, and the record of the prior proceedings in this case

---

[1] Although the record in this case reflects a filing date of January 17, 2008, petitioner's motion is deemed filed on January 15, 2008, when petitioner delivered the motion to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

establish that petitioner is not entitled to relief on any of his claims. For the reasons that follow, petitioner's § 2255 motion is, therefore, dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## COURT'S DISCUSSION

Petitioner asserts over twenty-five errors each of which he claims affords him relief pursuant to § 2255. Among petitioner's arguments are (1) lack of jurisdiction; (2) prosecutorial misconduct; (3) ineffective assistance of trial counsel; (4) errors in the jury instructions; (5) errors in certain evidentiary rulings; (6) insufficiency of the evidence; (7) sentencing errors; and (8) ineffective assistance of appellate counsel.

Petitioner incorporates by reference all issues raised on appeal to the Fourth Circuit and in his petition for a writ of certiorari filed with the Supreme Court. These claims were previously raised on appeal and, therefore, are not cognizable in this § 2255 proceeding. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims raised on direct appeal may not be renewed as a basis for collateral relief).

Petitioner also raises a number of claims that could have been but were not raised on direct appeal (e.g., Crawford claims, prosecutorial misconduct in closing argument, certain ineffective assistance of counsel claims). Because petitioner has not shown

3

cause and prejudice or a fundamental miscarriage of justice excusing his default, these claims are barred. See United States v. Pregent, 190 F.3d 279, 284 n.5 (4th Cir. 1999) (claims that could have been but were not raised on direct appeal are not subject to collateral review absent showing of cause and prejudice or fundamental miscarriage of justice); United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (same).

A number of the claims raised in petitioner's motion contain vague and factually and legally unsupported assertions of various constitutional violations. For example, petitioner asserts that this court was without jurisdiction to entertain the indictment against him because 18 U.S.C. § 3231, the statute conferring jurisdiction upon this court for the trial of federal criminal offenses, was "unconstitutionally passed by both Houses of Congress." Petitioner also argues that jurisdiction is lacking because the form of cocaine base commonly known as "crack" does not have a currently accepted medical use and therefore fails to meet the criteria set forth in 21 U.S.C. § 812(b)(2)(B) for classification as a Schedule II controlled substance.

The courts that have addressed these issues have consistently rejected such claims on the ground they are legally and factually baseless. See United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007) (stating that the argument "that Title 18 - the federal criminal

4

code – is unconstitutional because of supposed irregularities in its enactment" is "unbelievably frivolous"); United States v. Potts, 251 Fed. App'x 109, 111 (3d Cir. 2007) (concluding that § 3231 was "properly enacted"); Cardenas-Celestino v. United States, 552 F. Supp. 2d 962, 966 (W.D. Mo. 2008) (describing the § 3231 argument as part of "a new rash of frivolous claims raised by prisoners across the country"); Love v. United States, No. 2:03-CR-187-01, 2009 WL 5064586 (S.D.W. Va. Dec. 16, 2009) (finding argument that cocaine base is not a scheduled controlled substance to be frivolous); United States v. Boose, No. 1:06-CR-92, 2008 WL 2484175 (N.D. Ohio June 17, 2008) (rejecting both arguments). This court concurs with the reasoning of those courts.

Equally baseless are petitioner's myriad claims of ineffective assistance of counsel. In order to prevail on an ineffective assistance claim, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id.

5

at 694. Deficient performance alone will not warrant relief. Even if professionally unreasonable, an error by counsel will not warrant setting aside a criminal judgment unless the petitioner shows "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Id. at 695.

In reviewing ineffective assistance claims, courts must make "every effort . . . to eliminate the distorting effects of hindsight," Id. at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." Strickland, 466 U.S. at 689.

Petitioner has failed to allege sufficient facts to state a plausible claim of ineffective assistance of counsel. Petitioner presents no facts to demonstrate that his attorney's representation fell below "an objective standard of reasonableness," or that he was prejudiced as a result of his attorney's actions. Rather, petitioner simply makes bare, conclusory allegations of ineffective assistance of counsel, unsupported by specific facts demonstrating a right to relief. As such, petitioner's ineffective assistance of

6

Case 4:02-cr-00060-H   Document 579   Filed 12/13/11   Page 6 of 7

counsel claims fail as a matter of law. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (unsupported conclusory allegations subject to dismissal), abrogated on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996).

## CONCLUSION

For the foregoing reasons, the court GRANTS petitioner's motion for reconsideration [DE #464 & 578] and petitioner's motion to supplement [DE #456]. Petitioner's motion to vacate [DE #454] is DISMISSED in its entirety. Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

This 12th day of December 2011.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31